UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DERRICK ALLEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVID COVENINGTON, et al., )<br>)<br>Defendants. ) | Civil Action No. 1:25-cv-00344 (UNA) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP App."), ECF No. 2. The court grants plaintiff's IFP application, and, for the reasons expressed below, it dismisses this matter without prejudice.

At the outset, the court notes that plaintiff appears to be located in either the District of Columbia or North Carolina, but he is intermittently unhoused. *See* Compl. at 1–2, 6–7, 13; IFP App. at 2. While the court is certainly understanding of plaintiff's circumstances, the Local Rules of this court nonetheless require that a *pro se* plaintiff must provide both their full residence address in the caption of their first filing or risk dismissal of the case. *See* D.C. LCvR 5.1(c)(1). Without this information, the court cannot communicate with plaintiff regarding his case.

In any event, this matter is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and plaintiff's complaint falls squarely into this category.

Here, plaintiff sues about 20 defendants, including his mother, several other individuals, the state of North Carolina, and North Carolina state agencies. *See* Compl. at 1–5. Most of the defendants are not listed with addresses, as required. *See* D.C. LCvR 5.1(c)(1). Plaintiff alleges that, at unknown times, throughout North Carolina, unnamed "governmental employees and their offspring keep trying to set [him] up," and have been "staging/scheming" to imprison him to stop him from "selling oils, soaps and other miscellaneous products." *See* Compl. at 6–7. He contends that these bad actors have acted against him by use of "look alikes" who have changed their name to Derrick Allen to impersonate him. *See id*. As a result, he alleges that he has suffered harm, and he demands "999 Quad-trillion dollars" in damages and assorted equitable relief. *See id*.

Simply put, this court cannot exercise subject matter jurisdiction over plaintiff's complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). As here, a court shall dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981).

Consequently, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: April 8, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge